```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BRADY HEFFLEFINGER,              :   CIVIL NO. 1:08-CV-1125
                                 :
         Plaintiff               :   (Judge Conner)
                                 :
    v.                           :   (Magistrate Judge Smyser)
                                 :
SUPERPETZ, LLC, WEIS             :
MARKETS, INC., BOB DAVIS,        :
SCOTT KIRMES, CHRIS SHAFER       :
and CAROL KESSLER,               :
                                 :
         Defendants              :
```

## REPORT AND RECOMMENDATION

This civil action was initiated on June 12, 2008 by the plaintiff's filing of the complaint. The plaintiff is Brady Hefflefinger. He worked for SuperPetz from 2000 to 2007. He was terminated from his SuperPetz employment on February 14, 2007.

The defendants are SuperPetz, Weis Markets, which controlled SuperPetz, Bob Davis, a SuperPetz Manager, Scott Kirmes, a SuperPetz Regional Manager, Chris Shafer, a SuperPetz Manager, and Carol Kessler, a SuperPetz Human Resource Director.

The complaint contains federal statutory causes of action under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA") and the Family and Medical Leave Act ("FMLA").  Jurisdiction is under 28 U.S.C. § 1331.  The complaint also states Pennsylvania law causes of action under the Pennsylvania Human Relations Act ("PHRA").  The court's supplemental jurisdiction is the basis for the court to exercise jurisdiction over the state law claims.  28 U.S.C. § 1367.

The plaintiff alleges that he was an employee of SuperPetz, an employer, that he was disabled or regarded as being disabled, and that SuperPetz failed to accommodate his disability.

He alleges that he was hired in 2000 by SuperPetz as a cashier.  In March of 2004 he was promoted and became an Assistant Manager.  In November of 2005 he went on medical leave due to his disability.  In February 2006 he returned to work.  A fellow employee told him to "watch [your] back" and that defendant Davis was trying to get him terminated.

He alleges that defendant Davis told him while he was on medical leave that the company was hiring younger employees because they are easier to train, are healthier and work faster.  He requested an accommodation due to his disability, including in the form of leave.  He was terminated on February 14, 2007.

The plaintiff alleges that the defendants discriminated against him on the basis of his disability and on the basis of his age.

Count I is a claim against defendants SuperPetz and Weis Markets under the ADA.  Count II is a PHRA disability discrimination claim against defendants SuperPetz and Weis Markets.  Count III is an ADEA claim against defendants SuperPetz and Weis Markets.  Count IV is a PHRA age discrimination claim against defendants SuperPetz and Weis Markets.  Count V is a PHRA claim against defendants Davis, Kirmes, Shafer and Kessler.  Count VII is an FMLA claim against SuperPetz and Weis Markets.[1]

---

1. The complaint does not contain a Count VI.

Defendants SuperPetz and Weis Markets on August 11, 2008 filed a motion to dismiss Count VII, (Doc. 4), and a brief in support (Doc. 5).  The other defendants filed an answer.  (Doc. 6).  A brief in opposition to the motion to dismiss was filed on August 20, 2008.  (Doc. 8).  A reply brief was filed on August 29, 2008.  (Doc. 9).

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail.  *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).  In connection with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim.  *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff.  *Pennsylvania House, Inc. v. Barrett,* 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law,

unsupported conclusions and unwarranted inferences need not be accepted as true." *Id.* at 449-50.

Under 29 U.S.C. § 2615, an employer may not interfere with, restrain or deny an employee's exercise of an FMLA right, discriminate against an employee for opposing employment practices that are unlawful under the FMLA, or discriminate against or discharge an employee who exercises FMLA rights.  29 U.S.C. § 2612 establishes an employee's entitlement(s) to leave of up to twelve weeks when, *inter alia,* the employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee."  A serious health condition is "an illness, injury, impairment, or physical or mental condition that involves inpatient care in a hospital, hospice, or residential medical care facility, or continuing treatment by a health care provider."  29 U.S.C. § 2611(11).

The moving defendants argue that Count VII, the FMLA count, should be dismissed for failure to state a claim upon which relief can be granted because there is no allegation in the complaint that the defendant interfered with the plaintiff's exercise of the right to take leave for a serious

5

health condition or discharged the plaintiff for exercising his right to leave under FMLA and there is not a claim of retaliation against the plaintiff for exercising his right to FMLA leave.  All that is pleaded in Count VII is that the defendants' actions as pleaded in other sections of the complaint constitute a violation of the FMLA.

The defendants are correct in the assertion that a serious health condition is not alleged in the complaint, an adverse job action causally connected to the exercise of rights under the FMLA is not alleged, and a denial of FMLA leave is not alleged.

The plaintiff advances the argument that to plead a "qualified individual with a disability" for purposes of the ADA, which is pleaded elsewhere in the complaint, is as a matter of logic necessarily inclusive of a pleading of a "serious health condition" for purposes of the FMLA.

The plaintiff did not plead that he is a person with a serious health condition.  Since an ADA claim is a claim that includes the contention that the plaintiff can perform the essential functions of his position and since an FMLA claim

is a claim that the person requires leave from his position due to incapacity or to obtain treatment, it would be a futile undertaking to enter upon a consideration of whether pleading the physical condition that must be pleaded to state an ADA claim upon which relief can be granted necessarily also pleads a serious health condition for purposes of an FMLA claim, and we decline the plaintiff's invitation to consider that question.  The plaintiff has not pleaded a serious health condition.  The elements of an FMLA claim have not all been pleaded.

Therefore, it is recommended that the defendants' motion to dismiss be granted, and that Count VII of the Amended Complaint be dismissed[2].

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  September 22, 2008.

---

2.  Plaintiff may, with leave of court, file an amended complaint. Leave of court is required because the defendants filed an answer.  Rule 15, Federal Rules of Civil Procedure.